**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

James W. Ramey,                          )
                                         )
                Plaintiff,               )      No. CV-06-2131-PHX-PGR
                                         )
           vs.                           )
                                         )      ORDER
Gordon Trucking, Inc., et al.,           )
                                         )
                Defendants.              )
_____)

      Pending before the Court is Plaintiff's Motion Pursuant to 28 U.S.C.
§ 1447(c) for Remand to State Court (doc. #8).  Having reviewed the parties'
memoranda in light of the record, the Court finds that the motion should be
denied.[1]

      This state law personal injury action stemming from a motor vehicle
accident between two tractor-trailers was removed from the Maricopa County

---

[1]
      While the defendants have filed a Motion for Oral Argument on Plaintiff's Motion for
Remand (doc. #11), the Court finds that the motion should be denied because oral argument
would not aid the decisional process since the facts and the parties' legal contentions are
adequately presented in the materials submitted to the Court.

- 1 -

Superior Court on September 6, 2006 solely on the basis of diversity of

citizenship jurisdiction.  The plaintiff timely filed a motion to remand on October 3,

2006 wherein he argues that the removal was untimely pursuant to 28 U.S.C.

§ 1446(b).  That statute provides two thirty-day windows during which a case may

be removed - during the first thirty days after the defendant receives the initial

pleading, if that pleading sufficiently states a case that is removable, and if it does

not, then during the first thirty days after the defendant receives a paper from

which it may first ascertain that the case is one which is or has become

removable. § 1446(b); Harris v. Bankers Life and Casualty Co., 425 F.3d 689,

692 (9th Cir. 2005).

    The plaintiff argues that remand is required because the action was

removed 56 days after the Amended Complaint was served on defendant Gordon

Trucking, Inc. ("GTI"), the first served defendant.[2]   The defendants argue, and

the Court concurs, that the service of the Amended Complaint on GTI did not

commence the removal period because there was insufficient information on the

face of the Amended Complaint from which GTI could have reasonably

ascertained that potential damages met the amount in controversy requirement of

diversity jurisdiction. See Harris, 425 F.3d at 695  ("We join with the other circuits

_____

[2]

    For purposes of resolving the pending motion, the Court concludes that the following
facts relevant to the remand issue are either undisputed or are at least uncontroverted: GTI was
served with the plaintiff's First Amended Complaint on July 12, 2006; the plaintiff filed a Motion
to Extend Time for Service of the Summons and Complaint with the state court on July 13,
2006, wherein he sought an extension of time to serve co-defendant Clement Asworth, but he
did not serve the motion on GTI; Asworth was served with process, and with the Motion to
Extend Time for Service of the Summons and Complaint, on August 18, 2006; and GTI did not
obtain a copy of the plaintiff's Motion to Extend Time for Service of the Summons and Complaint
until August 23, 2006 when it was given a copy by Asworth.

that have adopted the same approach to indeterminate pleadings - the ground for

removal must be revealed affirmatively in the initial pleading in order for the first

thirty-day clock under § 1446(b) to begin."); In re Willis, 228 F.3d 896, 897 (8th

Cir. 2000) ("We find that the thirty-day time limit of section 1446(b) begins running

upon receipt of the initial complaint only when the complaint explicitly discloses

the plaintiff is seeking damages in excess of the federal jurisdictional amount.");

Huffman v. Saul Holdings Limited Partnership, 194 F.3d 1072, 1078 (10th Cir.

1999) ("Under § 1446(b), the removal period does not begin until the defendant is

able to intelligently ascertain removability so that in his petition for removal he can

make a simple and short statement of the facts.") (Internal quotation marks

omitted).

    While the Amended Complaint seeks "reasonable damages" for the

plaintiff's medical expenses, his physical and mental pain and suffering, and for

his loss of earnings, it does not affirmatively reveal the amount of such damages -

rather, the underlying relevant allegations of the Amended Complaint are only

conclusory boilerplate-type statements such as the plaintiff "has undergone, and

will continue to undergo, severe physical and mental pain and suffering", that he

"has required hospitalization and the attendance of physicians and will require

further medical care and attention; that the cost of such future medical care and

treatment is not presently known or ascertainable", and that he has "sustained a

loss of present earnings for which he seeks compensation, and further, he has

suffered impairment to his future earning capacity and a loss of future wages[.]"[3]

---

    [3]

       While the Amended Complaint also seeks attorney's fees, such fees are included in
the computation of the amount in controversy only if they are authorized by statute or by
contract, Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005), cert. denied, 127 S.Ct.

1   These non-specific allegations of damages simply do not translate into an

2   ascertainable amount that would have sufficiently put GTI on notice of

3   removability. *See* Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th

4   Cir. 2006) (Court, noting that there wasn't enough information in the complaint for

5   the defendant to discern removability, stated that "[h]ad it removed upon filing of

6   the complaint, it may well have subjected itself to fees and costs and potentially

7   Rule 11 sanctions, for filing a baseless notice of removal. ... [W]e no longer

8   require defendants to take this blind leap - we don't charge defendants with

9   notice of removability until they've received a paper that gives them enough

10  information to remove.") *See also*, Fee v. Wal-Mart Stores, Inc., 2006 WL

11  3149366,*2-3 (D.Nev. Nov. 2, 2006) (Court, noting that "in the context of removal

12  it is not the burden of the defendant to speculate, assume or postulate what the

13  plaintiff may be thinking the case is worth[,]" concluded that the removal period

14  did not commence running until the defendant received a supplemental discovery

15  document setting forth the amount of the plaintiff's medical expenses because

16  earlier papers had not documented the plaintiff's actual medical treatments, nor

17  had they provided any real estimate of how much the plaintiff's alleged future

18  medical costs, wage loss, and pain and suffering would be.)

19      The Court concludes that the removal was timely because the 30-day

20  removal period commenced running no earlier than August 18, 2006, the date

21  defendant Asworth was served with the Amended Complaint and the Motion to

22

23

24  _____

25  157 (2006), and the Amended Complaint does not allege any such basis.

26                                      - 4 -

1  Extend Time for Service of the Summons and Complaint.[4]  The Court agrees with

2  the defendants that it was the information provided in the motion that first

3  provided sufficient notice that the amount in controversy was more likely than not

4  to exceed $75,000.  This is so because the motion elaborated upon the

5  allegations of the complaint regarding the plaintiff's medical expenses by stating

6  that "Plaintiff has suffered headaches, left arm numbness and pain, numbness in

7  his left leg, and problems with his memory.  He has undergone various

8  examinations including CT, MRI, and various others, and has undergone surgical

9  procedures including a laminectomy, posterior fossa decompression and brain

10  surgery, the last surgeries being in May of 2006."   Therefore,

11      IT IS ORDERED that defendants Motion for Oral Argument on Plaintiff's

12  Motion for Remand (doc. #11) is denied.

13      IT IS FURTHER ORDERED that Plaintiff's Motion to Remand Pursuant to

14  28 U.S.C. § 1447(c) for Remand to State Court (doc. #8) is denied.

15      IT IS FURTHER ORDERED that the parties shall file their Joint Case

16  Management Report in accordance with the Order Setting Scheduling

17  Conference (doc. #7) no later than **April 16, 2007**.

18      IT IS FURTHER ORDERED that the Scheduling Conference shall be held

19  /   /   /

20  /   /   /

21  _____

22    [4]

   Because the Court concludes that information sufficient to sustain removal was first
23  presented in the Motion to Extend Time for Service of the Summons and Complaint, the Court
   need not resolve the parties' dispute as to whether the "first-served defendant" rule is the proper
24  rule for determining the timeliness of the removal.  The Notice of Removal was timely filed
   regardless of whether the thirty-day removal period commenced on August 18, 2006, when
25  Asworth was served with the Motion to Extend Time for Service of the Summons and
   Complaint, or on August 23, 2006, when GTI first received a copy of the motion.

26                                          - 5 -

on **Monday, April 30, 2007 at 1:30 p.m.** in Courtroom 601.

DATED this 5th day of March, 2007.


Paul G. Rosenblatt
United States District Judge