**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Ramey, | ) |
| Plaintiff, | ) No. CV-06-2131-PHX-PGR |
| vs. | ) |
| | ) <u>ORDER</u> |
| Gordon Trucking, Inc., et al., | ) |
| Defendants. | ) |

Pending before the Court is the plaintiff's Motion for Jury Trial, filed pursuant to Fed.R.Civ.P. 39(b) on May 1, 2007. Having considered the parties' memoranda, the Court finds that the motion should be denied.

As this case was removed from the Arizona Superior Court, the timeliness of the plaintiff's request for a jury trial is governed by Fed.R.Civ.P. 81(c). Recognizing, as he must, that he failed to timely serve a jury demand under any other portion of Rule 81(c), the plaintiff argues that he has not waived his right to a jury trial pursuant to that portion of Rule 81(c) providing that "[i]f the state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not

- 1 -

make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury."   The Court concurs with the defendants that this Rule 81(c) exception relied on by the plaintiff has no applicability to this case and that the plaintiff has waived his right to a jury trial as a matter of law.

The Rule 81(c) exception at issue is very narrow in that it dispenses with the jury demand only when the case would have been automatically set for a jury trial under the forum state's law without a jury demand. *See* Cascone v. Ortho Pharmaceutical Corp., 702 F.2d 389, 391 (2nd Cir. 1983) (Court noted that this Rule 81(c) exception applies only when the state from which the case is removed does not require the parties to expressly claim trial by jury and acts on the presumption that the parties desire a jury unless they affirmatively indicate otherwise.)   Arizona law, however, requires a timely jury demand if the right to a jury trial is to be preserved in that Ariz,R.Civ.P. 38(b) provides that a jury demand must be made no later than the first of either the date the case is set for trial or ten days after a motion to set the case for trial is served, and Ariz.R.Civ.P. 38(d) provides that the right to a jury trial is waived if a jury demand is not timely served.  *See* Mason v. Cansino, 195 Ariz. 465, 990 P.2d 666, 667 (App. 1999) (Court noted that the right to a jury trial in civil cases in Arizona is presumptively waived unless at least one litigant demands a jury trial under Ariz.R.Civ.P. 38.)

The plaintiff's further argument that the Court nevertheless has the discretion to grant him a jury trial under Rule 39(b) because personal injury cases are traditionally tried by a jury, the action is in its early stages, and the defendants would not be prejudiced by a jury trial is meritless as a matter of law.  The plaintiff has expressly conceded, both in his motion and in the parties' Joint Case

1  Management Report, that a timely jury demand was not made because his
2  counsel was simply unaware of Rule 81(c) and its time limits.  In the Ninth Circuit,
3  unlike in some other circuits, a district court's discretion under Rule 39(b) to
4  permit an untimely jury demand "is narrow ... and does not permit a court to grant
5  relief when the failure to make a timely [jury] demand results from oversight or
6  inadvertence.") Lewis v. Time, Inc., 710 F.2d 549, 556-57 (9th Cir. 1983); *accord*,
7  Pacific Fisheries Corp. v. HIH Casualty & General Ins. Ltd., 239 F.3d 1000, 1002
8  (9th Cir. 2001) (Court, noting that an attorney's good faith mistake of law under
9  Rule 81(c) is no different than inadvertence or oversight, stated that "[a]n
10 untimely request for a jury trial must be denied unless some cause beyond mere
11 inadvertence is shown.")  Therefore,

   IT IS ORDERED that the plaintiff's Motion for Jury Trial (doc. #21) is denied.

   DATED this 30th day of May, 2007.

   Paul G. Rosenblatt
   United States District Judge

- 3 -