**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James W. Ramey,<br><br>            Plaintiff,<br>     vs.<br><br>Gordon Trucking, Inc., et al.,<br><br>            Defendants. | No. CV-06-2131-PHX-PGR<br><br>ORDER |

The defendants removed this action from the Marciopa County Superior Court on the basis of diversity of citizenship jurisdiction. The plaintiff thereafter moved to remand the action on the ground that it was untimely removed. On March 5, 2007, the Court entered an order that denied the motion to remand on the ground that the action was removed in a timely manner after the defendants were first presented with sufficient information that allowed them to determine that the amount in controversy more likely than not exceeded $75,000.

Pending before the Court is the plaintiff's conclusory Motion for Reconsideration of Motion to Remand to State Court, filed November 26, 2007, wherein the plaintiff argues that the Court should now reconsider its order and grant the motion to remand because the plaintiff served an offer of judgment on the defendants on November 20, 2007 for $74,999.00. Having considered the

plaintiff's motion, the Court finds that it should be summarily denied.[1]

First, the motion for reconsideration is untimely under LRCiv 7.2(g) and the plaintiff has not made any attempt to offer any good cause for its untimeliness.[2]

Second, the motion is not in fact a motion for reconsideration as it does not seek to have the Court reconsider the timeliness issue that was resolved in its earlier order - rather, it instead raises a new ground for remand, *i.e.*, that the amount in controversy is now less than $75,000.

Third, and more importantly, even if the motion is considered to be a new motion for remand alleging a lack of subject matter jurisdiction the motion is meritless as a matter of law. Assuming that the offer of judgment can be viewed as reducing the amount in controversy to below the required $75,000, and the plaintiff has made no effort to show that it does as a matter of law, it is well-established that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293, 58 S.Ct. 586, 592 (1938); *accord*, Hill v. Blind Industries and Services of Maryland, 179 F.3d 754, 757 (9th Cir. 1999) ("[D]iversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction ... if the amount in controversy subsequently drops below the minimum jurisdictional level.") *See*

---

[1] The Court notes that the plaintiff's motion unacceptably fails to cite to any legal authority supporting it.

[2] LRCiv 7.2(g) provides in relevant part that "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than ten (10) days after the filing of the Order that is the subject of the motion."

*also*, Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000), *cert. denied*, 532 U.S. 953 (2001) ("[W]e hold that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court."); Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1291 (11th Cir. 2000) ("[E]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction."); Angus v. Shiley Inc., 989 F.2d 142, 145 (3rd Cir. 1993) ("[W]e note that [the plaintiff's] stipulation that her damages do not exceed $50,000 has no legal significance because a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor.")  Therefore,

IT IS ORDERED that the plaintiff's Motion for Reconsideration of Motion for Remand to State Court (doc. #55) is denied.

DATED this 27th day of November, 2007.

_____
Paul G. Rosenblatt
United States District Judge